JULIA A. VESTER *vs.* RHODE ISLAND CO.

MAY 11, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Bills of Exceptions.    Stating Exceptions Separately.*

The burden of ascertaining whether the exceptions are stated clearly and separately is placed upon the trial justice to whose rulings the exceptions are taken; but no exception to his allowance of a bill of exceptions is permitted: the only remedy provided for either party aggrieved by the action of the justice relative to the bill is to establish the truth of the exceptions under C. P. A., § 494.

(2)  *Exceptions.    Filing Transcript of Testimony.*

It is not necessary to make the transcript of testimony a part of the bill of exceptions; but under C. P. A., § 490, it is sufficient if it accompanies the bill and is examined and allowed by the Superior Court in connection therewith.

(3)  *Amendment of Bill of Exceptions.*

An amended bill of exceptions filed within the statutory period may be

regarded as an alteration of the bill which the court has the authority to allow.          .

TRESPASS ON THE CASE for negligence.   Heard on motion of plaintiff to dismiss amended bill of exceptions of defendant, and denied.

PER CURIAM.   After verdict for the plaintiff, on the twenty-second day of October, 1907, the defendant, on the tenth day of February, 1908, filed its bill of exceptions in the Superior Court, and on the twenty-ninth day of the same February the defendant also filed its (so-called) amended bill of exceptions in said court.   On the last mentioned day both bills of exceptions were allowed by the judge of the Superior Court who presided at the trial of said case.   With the allowance of the amended bill of exceptions, the following entry appears: "Mr. Waterman objects thereto and his exception is noted." On the second day of April, 1908, a motion was filed in this court, by the plaintiff, to dismiss the amended bill of exceptions and to strike out all of the paragraphs of both bills of exceptions filed by the defendant because the defendant has failed to state in said paragraphs separately and clearly the exceptions relied upon.

(1)   Under C. P. A., § 492, the justice who presided at the trial shall examine bills of exceptions and hear the parties, and if he shall find the exceptions, rulings, instructions, and findings correctly stated, he shall allow them.   The burden of ascertaining whether the exceptions are stated clearly and separately is properly placed upon the trial justice to whose rulings the exceptions were taken; but no exception to his allowance is permitted by the statute.   The only remedy provided for either party aggrieved by the failure of the justice to act upon the bill of exceptions, or to return the same, or to his disallowance of, alteration of, or refusal to alter the same, is to establish the truth of the exceptions before this court upon petition stating the facts under C. P. A., § 494.

It may be that some of the exceptions relied upon are not stated separately and clearly enough to present the questions

which they attempt to raise. If they are not, the court will not consider them.

(2)     The plaintiff in argument claims that it is necessary to make the transcript of testimony a part of the bill of exceptions, and that it is insufficient to merely refer to the same in the bill of exceptions as filed therewith. Whatever may be the rule in other jurisdictions, in this there is no necessity for doing more than the statute requires. C. P. A., § 490, among other things, provides: "If exceptions shall be founded upon evidence and rulings thereon, or upon findings or decision of the court, or to the instructions of the court to the jury, or to a decision upon a motion for a new trial on the ground that the verdict is against the evidence or the weight of evidence or for newly discovered evidence, he shall file in the office of the clerk, with his bill of exceptions, a transcript of the evidence and the rulings thereon, and of the instructions to the jury, or so much thereof as may be necessary for determination of the exceptions."

The motion to dismiss the amended bill of exceptions must be denied.

(3)     The court had the authority, hereinbefore cited, to allow alterations in the bill of exceptions within the statutory period. The amended bill of exceptions may well be considered to be such an alteration. Out of abundant caution the Superior Court allowed both bills of exceptions; this was unnecessary, because the amended bill of exceptions as allowed will take the place of the original bill. No harm will be done, however, if the original bill is permitted to remain with the papers in the case, to show what steps have actually been taken in the matter.

The exception taken to the allowance of the amended bill of exceptions can not be considered, for the reasons above given.

The motion to strike out all the paragraphs in the bill of exceptions must also be denied because this motion should have been made and urged before the Superior Court, and should have been brought to this court, by the aggrieved party, on petition to establish the truth of the exceptions.

The objection that the transcript of testimony is not made a part of the bill of exceptions is without merit.   It accompanied the bill of exceptions and was examined and allowed by the Superior Court, in connection with the bill of exceptions, in the statutory manner.   It was sufficiently coupled with the bill of exceptions to answer all purposes.

The motion to dismiss is therefore denied.

*Lewis A. Waterman, William H. Sullivan, Jr., and Waterman, Curran & Hunt,* for plaintiff.

*Henry W. Hayes,* for defendant.